CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
HERMENEJILDO TEPI, on behalf of himself and           :      Case No. 18-CV-2233
others similarly situated,                            :
                                                      :
                      Plaintiff,                      :      FLSA COLLECTIVE
                                                      :      ACTION and RULE
       -against-                                      :      23 CLASS ACTION
                                                      :      COMPLAINT
THE CITY BAKERY, LLC, THE CITY BAKERY, INC., and      :
MAURY RUBIN,                                          :      **Jury Trial**
                                                      :      **Demanded**
                      Defendants.                     :
-----------------------------------------------------------------------X

Plaintiff, HERMENEJILDO TEPI ("Plaintiff"), on behalf of himself and other

similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants THE CITY BAKERY, LLC, THE

CITY BAKERY, INC. (collectively, the "Corporate Defendants" or the "Bakery"), and

MAURY RUBIN (collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-

judgment interest, and (d) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

5.      Plaintiff is a resident of Kings County, New York.

6.      Defendant, THE CITY BAKERY, LLC, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 3 West 18th Street, New York, New York 10011.

7.      Defendant, THE CITY BAKERY, INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 3 West 18th Street, New York, New York 10011.

8.      Defendant, MAURY RUBIN, is the owner, shareholder, officer, director, supervisor, managing agent and/or proprietor of each of the Corporate Defendants, who

actively participates in the day-to-day operations of the Bakery, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

9.      Since 1990, Defendant MAURY RUBIN has built twenty-four (24) bakeries, and created two (2) brands: City Bakery and Birdbath Neighborhood Green Bakery.

10.     Currently, Defendants own and operate five (5) bakeries in New York City under such brands, as well as a City Bakery in Japan.

11.     In addition to operating as a bakery, Defendants also provide full service catering for breakfast and lunch, as well as various social events such as children's birthday parties, corporate cocktail parties, photo shoots and fashion shows, real estate open houses, graduations, boat trips/parties, bus tours, school field trips, bat and bar mitzvahs, engagement parties, rehearsal dinners, and weddings.

12.     Defendants prepare all food for each of their New York City bakery locations, as well as their clients' catered events, at The City Bakery located at 3 West 18th Street, New York, New York 10011.

13.     At all time relevant hereto, Defendant MAURY RUBIN exercised control over the terms and conditions of Plaintiff's employment in that he has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain employment records.

14.     At least within each of the three (3) most recent years relevant to the allegations herein, Defendant THE CITY BAKERY, LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

15.     At least within each of the three (3) most recent years relevant to the allegations herein, Defendant THE CITY BAKERY, INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

16.     At all times relevant hereto, the work performed by Plaintiff was directly essential to the business operated by Defendants.

17.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

19.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

4

## STATEMENT OF FACTS

20.     At all times relevant hereto, Defendants' primary business was and is the sale of food and drinks for consumption.

21.     Each of the Corporate Defendants constitute a "restaurant" within the meaning of the New York Labor Law.

22.     Defendant, MAURY RUBIN, actively participates in the day-to-day operation of the Bakery. For instance, Mr. Rubin personally hires and fires employees, supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands employees for any errors made.

23.     Defendant, MAURY RUBIN, creates and implements all crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

24.     The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the business operated by Defendants.

25.     The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants share Plaintiff and other similarly situated employees, act in the interest of each other with respect to employees, pay their employees by the same plan or scheme, and are themselves under common control.

26.     The Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide

5

mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

27.      The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and is controlled by one person or group of persons, corporations, or other organizational units acting together.

28.      In or about 2008, Defendants hired Plaintiff to work as a non-exempt cook and food preparer for Defendants' Bakery, known as The City Bakery, located at 3 West 18th Street, New York, New York 10011.

29.      Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

30.      Defendants employed Plaintiff in those capacities until on or about February 18, 2018.

31.      Throughout the entirety of his employment, although Plaintiff's work shift fluctuated slightly week-to-week, Plaintiff normally worked six (6) days per week, and his work schedule normally consisted of ten and one-half (10½) per day Tuesday through Friday, and on Sunday from 8:00 a.m. until 6:30 p.m., and nine (9) hours on Saturday from 6:00 a.m. until 3:00 p.m.[1]

32.      During the relevant limitations period beginning in March 2012 and continuing through in or about December 2012, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was improperly paid on a salary basis at the

---

[1] During the final two (2) months of his employment, Plaintiff's off day was Sunday instead of Monday, but his work schedule otherwise remained the same.

rate of $575 per week straight time for all hours worked, and worked in excess of sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33.     Beginning in or about January 2013 and continuing through the remainder of his employment on or about February 18, 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was improperly paid on a salary basis at the rate of $765 per week straight time for all hours worked, and worked in excess of sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

34.     Plaintiff was required to punch a time clock throughout the entirety of his employment.

35.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

37.     At all times relevant hereto, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

7

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by the Defendants since March 13, 2015 through the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

39.     The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, there are more than forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.   Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

40.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

41.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a

practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

42. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

43. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether Defendants employed Plaintiff and Collective Action Members within the meaning of the FLSA;

   b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in

excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.    Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory and liquidated damages, interest, costs and disbursements and attorneys' fees.

44.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

45.    Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

46.    Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

47.    Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since March 13, 2012 until the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime compensation and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

48.    Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of Defendants, the

10

Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

49.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

50.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

51.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

52.     Plaintiff will fairly and adequately protect the interests of the NY Class members.   Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

53.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.   Plaintiff understands that in order to provide adequate

11

representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

54.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

55.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a.  Whether Defendants employed Plaintiff and Class members within the meaning of the New York Labor Law;
>
> b.  Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class;
>
> c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d.  Whether Defendants failed to pay Plaintiff and members of the Class overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;
>
> e.  Whether Defendants failed to pay Plaintiff and members of the Class "spread of hours" premium when their workday exceeded ten (10) hours; and
>
> f.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

56.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57.     At all times relevant hereto, upon information and belief, the Corporate Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

59.     At least within each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants separately had gross revenues in excess of $500,000.

60.     At least within each of the three (3) most recent years relevant to the allegations herein, the Corporate Defendants jointly had gross revenues in excess of $500,000.

61.     Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

62.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

13

63.    Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

64.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

65.    As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

66.    As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

67.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently

14

ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

68.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

69.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70.     At all times relevant hereto, Defendants employed Plaintiff and members of the Class within the meaning of New York Labor Law §§ 2 and 651.

71.     Plaintiff and Class members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of forty (40) per workweek.

72.     Defendants failed to pay Plaintiff and Class members overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week in direct contravention of the New York Labor Law.

73.     Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and Class members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the New York Labor Law.

74.     Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay "spread of hours" premium for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 146-1.6.

75. Defendants failed to furnish Plaintiff and members of the Class with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

76. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

77. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

78. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

79. Plaintiff and Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, HERMENEJILDO TEPI, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

16

(a)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation under the FLSA pursuant to 29 U.S.C. § 216;

(d)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)    An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f)    An award of prejudgment and post-judgment interest;

(g)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(h)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
        March 13, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
        Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Hermchejildo  Tepi_____, am an employee currently or

formerly employed by _The  City Bakery  LLC_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_2-26_____, 2016 8

_Hermchejildo Tepi_____