UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMENEJILDO TEPI, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY BAKERY, LLC, THE CITY BAKERY, INC., and MAURY RUBIN,<br><br>Defendants. | Case No. 1:18-cv-02233-CM<br><br>**ANSWER TO PLAINTIFF'S FLSA COLLECTIVE AND RULE 23 CLASS ACTION COMPLAINT** |

Defendants THE CITY BAKERY, LLC, THE CITY BAKERY, INC., and MAURY RUBIN ("Defendants"), by and through their attorneys, Littler Mendelson, P.C., as and for their Answer to the FLSA Collective Action and Rule 23 Class Action Complaint ("Complaint") filed by Plaintiff HERMENEJILDO TEPI ("Plaintiff"), hereby respond as follows:

**NATURE OF ACTION**

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint.

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint.

**JURISDICTION AND VENUE**

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff seeks to invoke the jurisdiction and supplemental jurisdiction of the Court under the statutes referred to therein.

4. Paragraph "4" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that venue is proper in this District as to Plaintiff's FLSA claims, but deny that venue is proper in this District as to any of Plaintiff's claims brought pursuant to New York state laws, rules, and/or regulations.

## PARTIES

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint that Plaintiff is a resident of Kings County, New York.

6. Defendants admit the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny the allegations set forth in paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in paragraph "8" of the Complaint.

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint.

10. Defendants deny the allegations set forth in paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in paragraph "11" of the Complaint, except admit that the corporate defendant The City Bakery, LLC also provide catering services.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in paragraph "14" of the Complaint, except admit that the corporate defendant The City Bakery, LLC has and had an annual gross volume of sales of not less than $500,000 within each of the three most recent years.

15. Defendants deny the allegations set forth in paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "19" of the Complaint.

## STATEMENT OF FACTS

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint, except admit that Plaintiff was hired to work at 3 West 18th Street, New York, New York 10011.

29. Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34. Defendants admit the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in paragraph "37" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

38. Defendants deny the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

## CLASS ACTION ALLEGATIONS

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in paragraph "55" of the Complaint.

## STATEMENT OF CLAIM

### COUNT I
### [VIOLATION OF THE FAIR LABOR STANDARDS ACT]

56. In response to the allegations set forth in paragraph "56" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "55" of the Complaint as if each were fully set forth herein.

57. Paragraph "57" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58. Paragraph "58" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in paragraph "59" of the Complaint, except admit that the corporate defendant The City Bakery, LLC had annual gross revenues in excess of $500,000 in each of the three most recent years.

60. Defendants deny the allegations set forth in paragraph "60" of the Complaint, except admit that the corporate defendant The City Bakery, LLC had annual gross revenues in excess of $500,000 within each of the three most recent years. (The corporate defendant The City Bakery, Inc. is an inactive corporation.)

61. Paragraph "61" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62. Paragraph "62" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63. Paragraph "63" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64. Paragraph "64" of the Complaint sets forth a statement of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "64" of the Complaint.

65. Paragraph "65" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66. Paragraph "66" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67. Paragraph "67" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68. Defendants deny the allegations set forth in paragraph "68" of the Complaint and further deny that any relief is due and owing.

## COUNT II
### [VIOLATION OF THE NEW YORK LABOR LAW]

69. In response to the allegations set forth in paragraph "69" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "68" of the Complaint as if each were fully set forth herein.

70. Paragraph "70" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71. Paragraph "71" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72. Paragraph "72" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73. Paragraph "73" of the Complaint sets forth a statement of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74. Paragraph "74" of the Complaint sets forth a statement of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75. Paragraph "75" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "75" of the Complaint.

76. Paragraph "76" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "76" of the Complaint.

77. Paragraph "77" of the Complaint sets forth conclusions of law to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint and further deny that any relief is due and owing.

79. Defendants deny the allegations set forth in paragraph "79" of the Complaint and further deny that any relief is due and owing.

## AS TO THE PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to a judgment or any of the relief set forth in the "Prayer for Relief" and the "Wherefore" clause of the Complaint, including all subparagraphs (a) through (h) thereto.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. The claims of Plaintiff and/or the putative collective and class action members are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, laches, estoppel, consent, unclean hands, comparative fault, contributory fault, and/or the applicable statute of limitations.

3. The corporate defendant The City Bakery, Inc. and individual defendant Maury Rubin are not proper defendants in this action because they were not, and are not, Plaintiff's "employer" within the scope of the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL").

4. The claims of Plaintiff and/or the putative collective and class action members are barred, in whole or in part, because Defendants at all times acted in good faith to comply with

the FLSA and NYLL, and had reasonable grounds for believing they were in compliance with the FLSA and NYLL. Defendants assert a lack of willfulness or intent to violate the FLSA and NYLL as a defense to any claim for liquidated damages made by Plaintiff and/or those of some or all of the putative collective and class action members.

5. Plaintiff and/or the putative collective and class action members' claims are barred, in whole or in part, because Defendants relied upon and acted in good faith and in conformity with, written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor, and/or any written and unwritten administrative practices or enforcement policies of the United States Department of Labor, within the meaning of the FLSA, 29 U.S.C. § 259, and/or New York State Department of Labor.

6. Plaintiff and/or the putative collective and class action members are not entitled to any equitable relief because they have an adequate remedy at law.

7. The Complaint fails to satisfy the requirements for maintenance of a collective action under 29 U.S.C. § 216(b), including, *inter alia*, the requirement that Plaintiff be a proper collective or class action representative. Therefore, this action may not be maintained as a collective action, and Plaintiff cannot sue as a representative party.

8. Plaintiff cannot pursue claims on behalf of anyone who has not joined, or filed a consent to join, this action.

9. This Court should not exercise supplemental jurisdiction over the causes of action in the Complaint that purport to arise under the NYLL.

10. The Complaint's collective action allegations should be dismissed because independent and individual analyses of Plaintiff and the putative collective action members' claims and Defendants' defenses to such claims are required.

11. Plaintiff cannot offer a model of damages that is amenable to collective action treatment.

12. Certification of a collective action, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

13. Plaintiff and/or the putative collective or class action members' claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

14. Collective action relief is not appropriate because one or more individuals who wish to serve as a collective action representative have interests that may conflict with the interests of the putative collective.

15. All decisions made with respect to Plaintiff and/or the putative collective or class action members and all actions taken with respect to their employment were/are made without malice, ill will, fraud, oppression, or any other improper motive.

16. To the extent Plaintiff and/or the putative collective or class action members seek punitive damages, such claims are in contravention of constitutional safeguards provided under the Constitution of the United States of America and the corresponding state constitutional provisions.

17. Plaintiff and/or the putative collective or class action members' claims for damages must be dismissed to the extent that they have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, or to the extent that they have been mitigated.

18.     If Plaintiff and/or any putative collective or class action members succeed in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff and/or any putative collective or class action members over and above their wages and/or beyond the time period compensable under the FLSA and/or NYLL.

19.     Even if Defendants have, in fact, failed to pay Plaintiff and/or any putative collective or class action members for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

20.     Plaintiff and/or the putative collective or class action members' FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which their total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

21.     At all times, Defendants made complete and timely payments of all wages due to Plaintiff and/or putative collective action members under Article 6 or Article 19 or Article 19-A of the NYLL or under the FLSA.

22. At all times, Defendants reasonably believed in good faith that they provided Plaintiff and/or putative collective or class action members with adequate notice of wage information pursuant to the NYLL.

23. To the extent Plaintiff seeks penalties under NYLL for any claims, these claims may not proceed as a class action by operation of New York Civil Practice Law and Rules § 901(b).

24. To the extent discovery reveals that Plaintiff and/or the putative collective or class action members falsely reported their hours, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff and/or the putative collective or class action members.

25. Plaintiff and/or some or all of the putative collective or class action members are not entitled to declaratory or injunctive relief.

26. Plaintiff and/or some or all of the putative collective or class action members are not entitled to pre-judgment or post-judgment interest.

27. Some or all of the affirmative or other defenses asserted herein may apply to the claims that may be asserted by some or all of the allegedly "similarly situated" persons, as described in the Complaint.

28. Plaintiff and/or some or all of the putative collective or class action members' claims are barred, in whole or in part, to the extent that the work he/they performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, and NYLL, or, alternatively, should be reduced by any credits, recoupments or offsets provided under the FLSA and NYLL.

29. In addition to the foregoing defenses, Defendants reserve the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action or to pursue any available counterclaims against Plaintiff or any putative collective or class action member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendant be awarded its costs incurred in defending this lawsuit, including its reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and proper.

Date:  July 9, 2018
       New York, New York

/s/ Eli Z. Freedberg
Eli Z. Freedberg
Kevin K. Yam
LITTLER MENDELSON
  A Professional Corporation
900 Third Avenue
New York, NY  10022
212-583-9600

*Attorneys for Defendants THE CITY BAKERY, LLC, THE CITY BAKERY, INC. and MAURY RUBIN*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of July 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the docket via transmissions of Notices of Electronic Filing generated by CM/ECF.

/s/ *Eli Z. Freedberg*
Eli Z. Freedberg