## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Hermenejildo Tepi, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiff"), on the one hand, and The City Bakery, LLC, The City Bakery, Inc., and Maury Rubin ("Defendants"), on the other hand.

**WHEREAS**, Plaintiff alleges that he worked for Defendants as an employee;

**WHEREAS**, on or about March 13, 2018, Plaintiff commenced an action against the Defendants in the United States District Court for the Southern District of New York, Civil Action Case No. 18-cv-2233, alleging, among other things, that the Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to: (a) pay overtime compensation and spread of hours and (b) provide statutory notices and statements (the "Complaint" or the "Action");

**WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiff and a Court has not made any findings with respect to the merits of Plaintiff's claims;

**WHEREAS**, Defendants and the Plaintiff (collectively referred to as the "Parties") desire to resolve and settle all matters and potential matters between them in an amicable manner without the expense and aggravation of continued litigation; and

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration**: In full settlement and final satisfaction of any and all FLSA and NYLL wage-and-hour claims that Plaintiff had, has or may have against the Defendants, including, but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiff set forth in Paragraph 3, the Company shall pay the Plaintiff and his counsel the total sum of **SEVENTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($75,000.00)** (hereinafter, the "Settlement Amount") made payable as follows:

    i. **FIRST PAYMENT:**

    **Within ten (10) days after the Court's approval of this Agreement, the first installment in the amount of Fifteen Thousand Dollars ($15,000.00) will be distributed as follows:**

    **Hermenejildo Tepi**

    (a) The Company will issue a check made payable to "Hermenejildo Tepi" in the amount of Four Thousand Eight Hundred Thirty-Four Dollars ($4,834.00), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid wages under the FLSA and NYLL.

1

The Company shall issue Plaintiff Hermenejildo Tepi an IRS Form W-2 with respect to this payment.

(b) The Company will issue a check made payable to "Hermenejildo Tepi" in the amount of Four Thousand Eight Hundred Thirty-Four Dollars ($4,834.00), representing payment for alleged liquidated damages and penalties under the FLSA and NYLL. The Company shall issue Plaintiff Hermenejildo Tepi an IRS Form 1099-MISC with respect to this payment.

### Cilenti & Cooper, PLLC

(c) The Company will issue a check made payable to "Cilenti & Cooper, PLLC" in the amount of Five Thousand Three Hundred Thirty-Two Dollars ($5,332.00) representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were incurred by Cilenti & Cooper, PLLC, and/or any other law firm or attorney. The Company shall issue Cilenti & Cooper, PLLC an IRS Form 1099-MISC with respect to this payment.

**ii.    PAYMENTS 2-16:**

**Commencing thirty (30) days after the date of the First Payment, and continuing every thirty (30) days thereafter until the Settlement Amount is paid in full, the Company shall issue fifteen (15) consecutive monthly installment payments in the amount of Four Thousand Dollars ($4,000.00) as follows:**

### Hermenejildo Tepi

(a) The Company will issue a check made payable to "Hermenejildo Tepi" in the amount of One Thousand Three Hundred Thirty-Three Dollars and 40/100 ($1,333.40), less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid wages under the FLSA and NYLL. The Company shall issue Plaintiff Hermenejildo Tepi an IRS Form W-2 with respect to this payment.

(b) The Company will issue a check made payable to "Hermenejildo Tepi" in the amount of One Thousand Three Hundred Thirty-Three Dollars and 40/100 ($1,333.40), representing payment for alleged liquidated damages and penalties under the FLSA and NYLL. The Company shall issue Plaintiff Hermenejildo Tepi an IRS Form 1099-MISC with respect to this payment.

### Cilenti & Cooper, PLLC

(c) The Company will issue a check made payable to "Cilenti & Cooper, PLLC" in the amount of One Thousand Three Hundred Thirty-Three Dollars and 20/100 ($1,333.20), representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were

incurred by Cilenti & Cooper, PLLC, and/or any other law firm or attorney. The Company shall issue Cilenti & Cooper, PLLC an IRS Form 1099-MISC with respect to this payment.

iii. Pursuant to Paragraph 6 below, upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement. All payments set forth above shall be delivered to Plaintiff's counsel, Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, NY 10017.

iv. As a condition of any settlement payment, Defendants must receive an executed W-9 Form from Cilenti & Cooper, PLLC and completed W-4 and W-9 Forms from Plaintiff Hermenejildo Tepi.

2. **Penalty For Late Payment:**

In the event that the Company fails to make the settlement payments in a timely manner pursuant to Paragraph 1 of this Agreement, Plaintiff shall provide notice of the default by facsimile and email to counsel for the Defendants: Eli Z. Freedberg, Esq., Kevin K. Yam, Esq. Littler Mendelson, P.C., 900 Third Avenue, New York, New York 10022, Facsimile: (212) 832-2719, EFreedberg@littler.com, KYam@littler.com. The Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of Seven Thousand Five Hundred Dollars ($7,500.00), with interest to commence as of that date at a rate of 9% per annum, on the entire remaining amount to be paid under this Agreement at the time of the default. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, jointly and severally, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

3. **Full Payment:** Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating to any wage-and-hour claims, including for claims for unpaid wages or overtime pay under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

4. **Release of Wage and Hour Claims by Plaintiff:** In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Plaintiff, on his own behalf and on behalf of his descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agrees unconditionally to release and discharge the Defendants and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors,

employees, representatives, and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Law, and/or any federal, state or local wage statute, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with the Company and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. This release is limited only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after Plaintiff's execution date.

5.  **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement. If a court of competent jurisdiction determines that Plaintiff has breached this Paragraph, Defendants will be entitled to seek recovery of its costs, including its reasonable attorneys' fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

6.  **Claims Excluded from the Agreement**: Plaintiff's release of claims set forth in Paragraph 3 of this Agreement shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board, or any other governmental agency charged with enforcement of any law. Plaintiff, however, further agrees and understands that he has waived any right to recover monetary damages or other relief personal to Plaintiff in any such charge, complaint, or lawsuit filed by him or on his behalf in any way relating to any released claims.

7.  **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

The Parties intend for the Plaintiff to waive any and all claims related to his wages or compensation he may have against the Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement.

Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the

Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

8. **Taxes and Withholding**: Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by him with respect to the above payments in Paragraph 1. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above in Paragraph 1, Plaintiff acknowledges and assumes all responsibility for paying those amounts and further agrees to indemnify and hold the Defendants harmless for payment of any additional taxes and any interest and penalties thereon, except for Defendants' portion of FICA and/or FUTA, if any.

9. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **Bona Fide Dispute**: After consultation with his counsel, and in consideration of all the facts and circumstances surrounding his employment with the Company, Plaintiff agrees this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of his claims, and that the amounts being paid to Plaintiff, as set forth in Paragraph 1, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding his entitlement to statutory wages, including unpaid wages and overtime wage compensation, liquidated damages, penalties, and any other relief under the FLSA and NYLL.

11. **Mutual Non-Disparagement**: Plaintiff agrees that he will not make, or cause to be made, any derogatory, disparaging, defamatory, or untruthful statements about the Defendants, or any of the Releasees (as defined in Paragraph "3" above), whether by electronic, written or oral means, to any person. The language of this Paragraph 10 shall not prohibit Plaintiff from making truthful statements about his experiences litigating this case.

Defendants, through its officers, directors and/or employees, agrees that they will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Plaintiff, whether by electronic, written or oral means, to any person. The language of this Paragraph 10 shall not prohibit Defendants from making truthful statements about their experiences litigating this case.

12. **Employment Reference**: In the event that Defendants receive a written request for a reference, Defendants will respond that it is the Company's policy to provide only Plaintiff's titles and dates of employment and not with any other additional information.

13. **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

14. **No Other Complaints or Charges:** Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to his employment with the Company.

15. **Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

16. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

17. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce the terms and conditions of this Agreement.

18. **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

19. **Voluntary Agreement**: Plaintiff represents and agrees that:

(a) He is not suffering from any impairment that would render him incapable of reading, considering, and understanding the terms of this Agreement, and is fully able to read, consider, and understand the terms of this Agreement, all of which have been explained to him;

(b) He has signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d) He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

20. **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments, or understandings between the parties, pertaining to the subject matter hereof.

21. **Waiver**: No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

22. **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

23. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

24. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

25. **Facsimile/Email**: An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

26. **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), e-mail, overnight mail, or facsimile to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

Defendants' Counsel:
>Eli Z. Freedberg, Esq.
>Kevin K. Yam, Esq.
>Littler Mendelson, P.C.
>900 Third Avenue
>New York, NY 10022
>EFreedberg@littler.com
>KYam@littler.com

Plaintiff's Counsel:
>Giustino (Justin) Cilenti. Esq.
>Cilenti & Cooper, PLLC
>708 Third Avenue, 6th Floor
>New York, NY 10017
>jcilenti@jcpclaw.com

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

27.    **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.

**AGREED:**

**HERMENEJILDO TEPI**

By: _Hermenejildo Tepi_

Dated: 1/31/19

**MAURY RUBIN**

By: _[signature]_

Dated: 1-28-19

**THE CITY BAKERY, LLC**

By: _[signature]_

Title: _[illegible]_

Dated: 1-28-19

**THE CITY BAKERY, INC.**

By: _[signature]_

Title: _[illegible]_

Dated: 1-28-19

8